## John Talbert v. The State.

1. MURDER — PROOF OF THREATS. — Threats made by the deceased to take the life of a person other than the defendant could not justify the latter in taking the life of the deceased, and therefore the exclusion of evidence of such threats was not error. Otherwise, if the threats were to take the life of the defendant himself, and the deceased, when killed by the defendant, manifested by some act an intention to execute his threats.

2. CHARGE OF THE COURT. — In a trial for murder, there was a conflict of the evidence as to whether the deceased, when shot by the defendant, was advancing on the latter with a drawn knife and in a menacing manner. The charge of the court instructed for conviction in case the jury believed the State's evidence which negatived the justification, but wholly ignored the converse hypothesis of the defence and its evidence in support of it. *Held*, in view of the state of the proof, that the instruction was calculated to mislead the jury to the prejudice of the defendant, and was therefore erroneous though not excepted to at the trial.

APPEAL from the District Court of Montgomery. Tried below before the Hon. J. MASTERSON.

The indictment charged the appellant with the murder of George W. Norris, December 7, 1878, by shooting him with a pistol. The verdict convicted him of murder in the second degree, and assessed his punishment at five years in the penitentiary.

The evidence both for the prosecution and the defence concurred in proving that Norris, the deceased, was instantly killed in a saloon in the town of Willis, by a pistol-shot fired by the defendant, and that the difficulty between them grew out of remarks made by the deceased about one Lem Dunn, who, the defendant said, was his friend and relative.

There was, however, a decided conflict between the evidence for the defence and that for the State upon the real issue in the case, consisting in the right of self-defence. Several witnesses for the State were certain that the deceased, when shot, was standing still, with no knife or other weapon in his hands, and making no demonstration against the defendant. Quite as many witnesses for the defence, with at least equal opportunity for observation, were positive that when the deceased was shot he had an open pocket-knife in his right hand, and was advancing on the defendant, who, before he fired, retreated several steps from the deceased. The defence introduced several other witnesses, who were members of the inquest upon the body of the deceased, and who stated that they found under the body an open pocket-knife. One of them saw the knife in the right hand of the deceased, as it dropped from it when removed. On the other hand, no one had ever seen the knife before, and the widow of the deceased testified that he never had such a knife as the one shown in court and said to have been found in his hand.

The opinion discloses all other matters of fact.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. The appellant was indicted, tried, and convicted for the murder of one George W. Norris, alleged to have been committed in Montgomery County on December 7, 1878. On the trial the appellant was convicted of murder in the second degree, and his punishment assessed by the jury at confinement in the penitentiary for a period of five years. A motion for a new trial was made and overruled; and the judgment of the court having been rendered upon the verdict, and sentence pronounced, this appeal is prosecuted.

There are but two questions so presented in the transcript that we can consider them, and which are important in determining this appeal. It is shown by a bill of exceptions that during the trial a witness for the defendant was asked by defendant's counsel to state whether or not, on the evening before the killing of George W. Norris by the defendant, he heard the deceased make any threat to take the life of "Lem Dunn, or some relation of his," before midnight, and that he would either kill or be killed that night. The State's counsel objected to the question, and the court sustained the objection; the judge holding, as shown by the bill of exceptions, that threats by the deceased towards Dunn could not be any justification to the defendant for killing Norris. The court did not err in sustaining the objection of the State's counsel to the interrogatory propounded to the witness, not only on account of the form in which it was propounded, — which, being to his own witness, counsel was not permitted to so shape as to indicate to the witness the answer it was desired he should make (1 Greenl. on Ev., sect. 454), — but also for the more substantial reason given by the judge in giving the bill of exceptions to his ruling.

The only provision of law for the introduction of proof of threats, in trials for homicide, is when a defendant accused of murder seeks to justify himself on the ground of threats against his own life (Penal Code, art. 608); and then only for the purposes, with the effect, and to the extent set out in that article of the Penal Code, which is as follows: "When a defendant accused of murder seeks to justify himself on the ground of threats against his own life, he may be permitted to introduce evidence of the threats made, but the same shall not be regarded as affording a justification for the offence unless it be shown that, at the time of the homicide, the person killed, by some act then done, manifested an intention to execute the threats so made. In every instance where proof of threats has been made, it shall be

competent to introduce evidence of the general character of the deceased. Such evidence shall extend only to an inquiry as to whether the deceased was a man of violent or dangerous character, or a man of kind and inoffensive disposition ; or whether he was such a person as might reason · ably be expected to execute a threat made." The article here set out is but a revision and re-enactment of art. 612 of the original Penal Code (Pasc. Dig., art. 2270), and was construed by the Supreme Court in *Johnson* v. *The State,* 27 Texas, 767, which has been followed uniformly except in *Pridgeon* v. *The State,* 31 Texas, 420, which was overruled in *Dawson* v. *The State,* 33 Texas, 505. In *Walker* v. *The State,* 5 Texas Ct. App. 576, it was said : " It is not admissible for one on trial for a homicide to prove that another person had previously threatened to take the li"e of the deceased ;" and was so held in *Boothe* v. *The State,* 4 Texas Ct. App. 202. These rulings do not militate against the rule in *Johnson's Case,* 27 Texas, 767, cited above.

The other question to be considered is raised by the defendant's bill of exceptions to the overruling of the motion for a new trial, where it appears for the first time in the record. The following is the third ground set out in the motion for a new trial, to wit : Because the court charged upon the weight of the evidence had upon the trial, in this, " that if the proof satisfies the jury that, at the time of the killing, deceased was standing still, and had not advanced upon the defendant with a deadly weapon," etc., and placing the same too prominently before the jury, and calcu lated to mislead. The entire paragraph of the charge here complained of is set out in the record as follows : " If the proof satisfies you that, at the time of killing, deceased was standing still, and had not advanced upon defendant with a deadly weapon, or had not, at the time and place of killing, done some act from which defendant had a reasonable apprehension of being killed, or having great bodily injury inflicted upon him, then there is no question of self-defence

in the case, and you should, in that event, convict defendant of murder in either the first or second degree, according to the grade you find such offence to be, under the law and facts.''

When it is remembered that the judge in his charge had instructed the jury in the abstract on the subject of murder both of the first and of the second degree, and also on the law of self-defence, in a general way, not deemed objectionable, and had then proceeded to apply the general principles of the law to the particular case on trial, and, after having made the application to the case so far as murder in the first degree and murder in the second degree are concerned, followed that by the charge on the subject of self-defence, as above set out, and which is the only portion of the entire charge which has direct application to the case and the evidence; and bearing in mind, also, the conflict in the evidence, on the very point as to whether the deceased, at the very time the shot was fired which deprived him of life, was or was not advancing upon the defendant with a drawn knife, we can but believe that the charge complained of was liable to the objection raised to it as being upon the weight of the evidence and calculated to mislead the jury in finding a verdict. Whilst the charge was not excepted to on the trial, and whilst there was no counter-charge asked by the defendant's counsel, we are of opinion it was erroneous and calculated to mislead the jury to the prejudice of the defendant. This portion of the charge, though it gives undue prominence to the testimony of the witnesses whose evidence tended to show that, at the time the deceased was shot, he was not advancing upon the defendant with a drawn knife, a dangerous weapon, and is not worded with sufficient care, still, if the jury had been also instructed as to the law should they have found that the facts established the converse of the proposition laid down in the charge under consideration, would then not have been so liable to objection, nor so likely to have influenced

the jury to the defendant's prejudice. *Stuckey* v. *The State*, 7 Texas Ct. App. 174.

Because there was a material error in the charge of the court, calculated to prejudice the rights of the defendant in the manner above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*